IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT MERRIMAN<br>CHERYL MERRIMAN<br>P.O. BOX 104<br>PINEY FORK, OH 43941 | CASE NUMBER: 4:11cv 02424 |
| Plaintiffs | JUDGE: |
| V. | |
| NCO FINANCIAL SYSTEMS, INC<br>4740 BAXTER ROAD<br>VIRGINIA BEACH, VA 23462 | **COMPLAINT** |
| Defendant | JURY TRIAL DEMANDED |

## COMPLAINT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT
### [15 U. S. C. § 1692 et seq.]

I. INTRODUCTION

This is an action for actual and statutory damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C.; § 1692 et seq. (hereinafter FDCPA) which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

III. **PARTIES**

1. Plaintiff, Robert Merriman is a natural person residing in Piney Fork, Jefferson County, Ohio.
2. Plaintiff, Cheryl Merriman is a natural person residing in Piney Fork, Jefferson County, Ohio
3. Defendant, NCO Financial Systems, Inc. is corporate entity who regularly does business in the United States, including Piney Fork, Ohio in Jefferson County Ohio, and its principal place of business is 4740 Baxter Road, Virginia Beach, VA. 23462. Defendant regularly attempts to collect debts alleged to be due another.

IV. **FACTUAL ALLEGATIONS**

4. Defendant has made an inordinate amount of contacts to the plaintiffs via telephone demanding payment of a purported debt. Beginning on or about November 9, 2010 and continuing through April 14, 2011 said defendants contacted the plaintiffs numerous times daily, often in excess of 10 times a day.
5. Plaintiff through counsel noticed the Defendant of their representation on November 16, 2010 and demanded that the Defendant cease and desist in its collection recovery efforts given their representation and the abusive and outrageous telephonic harassment. The demand Letter also gave the Defendant the opportunity to settle its violations of the FDCPA, to which there has been no response.
6. During the time of Defendant's egregious behavior the plaintiffs had suffered the loss of their son. The acts complained above, caused Plaintiffs to suffer severe emotional distress and other conditions, including embarrassment, etc. Further, the plaintiffs have been compelled to spend extensive time seeking a termination of the abusive, harassing and outrageous actions of defendant and had to engage of the filings of these documents to attempt to resolve this matter.

V.                 **FIRST CAUSE**
CLAIM FOR RELIF
(Fair Debt Collection Practices Act—FDCPA)

7. Plaintiffs hereby re-allege, re-aver and incorporate paragraphs 1 – 5 of the complaint as if fully re-written herein.

   A. Defendant has violated 15 U.S.C. § 1692(d) et seq. by engaging in their debt collection practices which the natural consequence is to harass, oppress and abuse the Plaintiffs.

   B. Defendant violated 15 U.S.C. § 1692 (b)(c)(d) by continuing collection efforts despite knowledge of legal representation and the request to cease communication with the plaintiffs; further causing their telephone to ring at all times and attempt to engage either plaintiff in conversation repeatedly and continuously.

VI.               **SECOND CAUSE**
CLAIM FOR RELIF
(Consumer Sales Protection Act—CSPA)

8. Plaintiffs re-allege, re-aver and incorporate paragraphs 1 – 7 the complaint as if fully rewritten herein.

9. By violating the FDCPA, Defendant has thereby violated the Consumer Sales Protection Act, 1345.01, *et seq.* ("CSPA")

10. As a result of said violation of the CSPA, Plaintiff is entitled to statutory damages in the amount of $200.00 plus any other relief as is just and proper.

VII.  **THIRD CAUSE**

CLAIM FOR RELIEF

(Emotional Distress)

11. Plaintiffs re-allege, re-aver and incorporate paragraphs 1 – 10 of the complaint as if fully re-written herein.

   A. The defendants extreme and outrageous violations of the FDCPA and the CSPA, intentionally or recklessly caused the plaintiffs severe emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against NCO Financial Systems, Inc

   A. Declaratory judgment that the defendant's practices violates the Fair Debt Collection Practices Act and that same cease immediately;
   B. Actual damages;
   C. Statutory damages pursuant to 15 U.S.C. § 1692 (k);
   D. Statutory damages pursuant to 1354.01, *et seq.*
   E. Costs and fees pursuant to 15 U.S.C. § 1692 (k); including attorneys fees and court costs.
   F. Such other and further relief as is just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Cheryl A. Haynes, OH Sup Ct. Reg. #0039113,
U.S. District Court for the Northern District of
Attorney for Plaintiffs Robert and Cheryl
Merriman
3214 Yorkshire Road, Ste. 106
Cleveland Heights, Ohio 44118

O: 216/513-3121
F: 216/452-9966
Email: cahcher@sbcglobal.net

## INSTRUCTIONS TO CLERK

Please make certified mail service upon the Defendant at the address listed in the caption of this complaint above.

_____
Cheryl A. Haynes, OH Sup Ct. Reg. #0039113
U.S. District Court for the Northern District of
Attorney for Plaintiffs Robert and Cheryl Merriman